IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
02/04/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

| | |
|---|---|
| JORGE LUIS SOTO VILCHEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PAMELA BONDI, Attorney General; )<br>KRISTI NOEM, Secretary, )<br>   Department of Homeland Security; )<br>TODD LYONS, Director, ICE; )<br>SAM OLSON, Director, )<br>   ICE Field Office; and )<br>C. CARTER, Warden, FCI-Leavenworth, )<br>)<br>Respondents. )<br>)<br>_____) | Case No. 25-3234-JWL |

## MEMORANDUM AND ORDER

Petitioner, acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native and citizen of Venezuela. Petitioner entered the United States without authorization in 2021, and in 2022 he filed an application for asylum. In October 2024, petitioner was convicted of a state-law offense, and on December 6, 2024, immigration officials took custody of petitioner after his release from state custody. Officials initiated removal proceedings, charging petitioner as inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(2)(A)(i)(I); and on April 23, 2025, petitioner was ordered removed from the United States, although the immigration judge

granted petitioner's request for withholding of removal to Venezuela (meaning petitioner could only be removed to an alternative third country).[1] On September 17, 2025, petitioner, acting through counsel, filed motions with the immigration court to stay removal and to reopen removal proceedings, based on petitioner's claim that officials had notified him of an intent to remove him to Mexico. On September 18, 2025, the immigration court granted the stay; and on November 21, 2025, the immigration court granted the motion to reopen proceedings to allow petitioner to seek protection from removal to Mexico under the Convention Against Torture (CAT). On January 6, 2026, the immigration court conducted a hearing, but it does not appear that that court has ruled on petitioner's application for protection. Petitioner remains confined within this judicial district. On October 29, 2025, petitioner filed the instant petition. Respondents have filed an answer to the petition, petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims in his petition that his detention under 8 U.S.C. § 1231 has become indefinite, without a sufficient likelihood of his removal to an alternative country, in violation of that statute and due process.[2] With respect to those claims, petitioner relies on

---

[1] Because both sides waived appeal, the removal order became administratively final on that date.

[2] Petitioner also sought specific declaratory relief in a third count in his petition, but he expressly withdrew that claim in his reply brief. In addition, in the reply brief, petitioner appears to assert a due process violation based on the allegation that officials violated applicable regulations by failing to conduct a timely custody review and by failing to serve properly the eventual custody review decision (even though it is clear that petitioner and his counsel did receive a copy of that decision). The Court notes that petitioner has not identified any particular prejudice from the alleged violations. At any rate, petitioner did not assert any such claim in his petition, and he has not sought to amend to include such a claim; accordingly, the Court concludes that any such claim is not properly before it.

*Zadvydas v. Davis*, 533 U.S. 678 (2001).  In that case, the Supreme Court held that Section 1231 does not authorize detention beyond the 90-day statutory removal period (beginning after the removal order becomes final) once removal is no longer reasonably foreseeable; and it established a presumptively-reasonable detention period of six months in which to accomplish removal.  *See id.* at 699-701.  Petitioner argues that he should be released, pursuant to the framework set forth in *Zadvydas*, because more than six months have elapsed since his removal order became final in April 2025 and there is no significant likelihood of his removal in the reasonably-foreseeable future.

Respondents argue that petitioner's detention has not become impermissibly indefinite under that framework, including because officials halted their removal efforts once petitioner initiated proceedings to seek protection against removal to Mexico.  More significantly, however, respondents cite the fact that the immigration court granted the motion by petitioner and his counsel to reopen removal proceedings.  As respondents note, courts have recognized that a final removal order is vacated when removal proceedings are reopened.  For instance, in *Al-Shewaily v. Mukasey*, 2007 WL 4480773 (W.D. Okla. Dec. 18, 2007), the court cited opinions by the First Circuit, Seventh Circuit, and Ninth Circuit in support of its statement that "courts have determined that an [immigration judge's] decision or granting of a motion to reopen removal proceedings vacates the previous order of removal and reinstates the previously terminated immigration proceedings."  *See id.* at *4 (citing cases); *see also Ndaula v. Hoover*, 2019 WL 3002955, at *3 (M.D. Pa. July 10, 2019) (noting that the Third Circuit had held with respect to the petitioner before it and in another case as well that "the grant of a motion to reopen vacates the previous order of

3

deportation or removal and reinstates the previously terminated immigration proceedings") (citing cases), *appeal dismissed*, 2020 WL 6277544 (3d Cir. July 9, 2020).

Petitioner argues that his removal order should not be deemed vacated because he is merely seeking protection against removal to one country and is not seeking to undo the removal order generally. Petitioner relies on *Nasrallah v. Barr*, 590 U.S. 573 (2020), in which the Supreme Court held that a statutory prohibition against factual challenges to final orders of removal does not apply to a challenge to a CAT order, which does not disturb or merge into the final order of removal (as the alien may still be removed to a different country). *See id.* at 582. In that case, however, the immigration judge had ordered removal and granted CAT protection at the same time, and the immigration appeals court had then vacated the portion granting CAT relief; thus, the Supreme Court did not address the effect of a motion to reopen a final removal order for the assertion of a CAT claim. *See id.*

Petitioner also cites *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). In that case, the aliens had been removed and later reentered without authorization, and officials reinstated their prior removal orders; but asylum officers then determined that the aliens had a reasonable fear of persecution or torture, and they were referred to immigration court for withholding-only proceedings. *See id.* at 532. The Supreme Court noted that in such a case, the removal order "is not vacated or set aside" and "remains in full force" during the withholding only proceedings; and it held therefore that any detention of the aliens was subject to Section 1231. *See id.* at 535-36. In *Johnson*, however, the aliens did not contest that their prior removal order had long been administratively final, and the Court noted that Section 1231 explicitly prohibits such aliens "from seeking review or relief from the

4

[removal] order after it is reinstated following unlawful entry." *See id.* at 535.  Thus, again, the Supreme Court did not address the present situation, in which the immigration court granted the alien's request to reopen removal proceedings.

Accordingly, the Court concludes that in those two cases the Supreme Court did not disturb the well-established principle that a final order of removal is vacated when removal proceedings are reopened, and petitioner has not cited any contrary authority directly addressing the issue.  Moreover, petitioner has not submitted a copy of the immigration judge's order reopening his proceedings, and thus there is no basis to believe that the judge in petitioner's case deviated from the usual procedure by which removal proceedings are reopened.

The Court thus concludes that petitioner's removal order was vacated when his removal proceedings were reopened, and that petitioner's detention is therefore not governed by 8 U.S.C. § 1231, which authorizes detention during the post-order removal period.  *See id.*  Rather, petitioner's detention is presently authorized by 8 U.S.C. § 1226, which applies pending removal proceedings.  *See id.*  Under that statute, because of his state-court conviction, petitioner's detention is mandatory.  *See id.* § 1226(c)(1)(A). Because petitioner's claims are premised on his assertion that his continued detention under Section 1231 is unlawful, those claims must fail.  Petitioner has not argued or shown that his continued detention under Section 1226 is unlawful.  Accordingly, the Court denies the petition for habeas relief.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 4th day of February, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge